FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 26 2014

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL P. O'NEILL,

    Plaintiff,

v.                                            No. CIV 14-0273 MCA/SCY

GOVERNOR SUSANA MARTINEZ,
GEO PRIVATE PRISONS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the Governor of New Mexico and a private corporation as Defendants. Plaintiff alleges that private prisons were allowed to begin operating in New Mexico only as a result of deceit and lies by a former Governor and officers of a private corrections corporation. Defendant Martinez has failed to "remove the private prisons and to put their deceitful political motive to an end." The complaint contends that "Plaintiff and taxpayers have been and will continue to be irreparably injured by the conduct and deceitfulness and Regime Private Prison Mafia unless this Court orders a review to remove the private prisons out of New Mexico." For relief, the complaint asks for damages from the private prisons; for an immediate investigation of [the vote to authorize private prisons on] September 26, 1998; and "to bring back the [Duran] Consent Decree."

Plaintiff does not have standing to bring the claims raised in his complaint. As stated by the Court of Appeals for the Tenth Circuit, "We agree with the district court that [Plaintiff] lacks standing. [Plaintiff]'s status as a taxpayer [opposing legislative action] does not confer standing." *Raiser v. United States*, 325 F.3d 1182, 1183 (10th Cir. 2002) (citing *Colorado Taxpayers Union, Inc. v. Romer*, 963 F.2d 1394, 1399 (10th Cir. 1992) (noting one "narrow exception to the general prohibition of taxpayer standing 'in which a federal taxpayer challenges a congressional appropriation made pursuant to Article I, Section 8 that allegedly violates the Establishment Clause of the First Amendment' ")). Furthermore, "[b]eyond the constitutional requirements, a plaintiff must also satisfy the following set of prudential principles: (1) the plaintiff generally must assert his or her own legal rights; (2) the court must refrain from adjudicating 'generalized grievances' most appropriately addressed by one of the other branches of government; and (3) the plaintiff's complaint must fall within the zone of interest to be protected or regulated by the statute

or constitutional guarantee in question." *Mount Evans Co. v. Madigan,* 14 F.3d 1444, 1450–51 (10th Cir. 1994), *quoted in United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001). Plaintiff's complaint satisfies none of these prudential principles, and the Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED for lack of standing, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE